SNYDER, *Appellant,*
*v.*
SCHRAM et al, *Respondents.*
(No. 400 186, SC 25348)
577 P2d 935

Graham Walker, Portland, argued the cause for appellant. With him on the briefs was Robert P. Dickinson, Fairview.

Cleveland C. Cory, Portland, argued the cause for respondents. With him on the brief were Clarence R. Wicks, and Davies, Biggs, Strayer, Stoel & Boley, Portland.

Before Denecke, Chief Justice, and Howell and Lent, Justices, and Gillette, Justice Pro Tempore.

HOWELL, J.

## HOWELL, J.

This is the second time this action to recover a real estate commission has been before this court. In the first appeal, we reversed a judgment for defendants and remanded the action for a determination by the trial court as to whether the defendants exercised bad faith in terminating plaintiff's listing agreement. *Snyder v. Schram,* 274 Or 539, 547 P2d 102 (1976).

In May, 1972, plaintiff, a real estate brokerage firm, entered into a contract to sell defendants' property. The contract provided that the listing would expire on October 1, 1972. However, the contract also provided that the commission would be payable if the property were sold within 90 days after the termination date to a buyer secured by plaintiff during the "employment."

Plaintiff spent considerable time locating a purchaser but did not have a buyer by October 1, 1972. However, with defendants' consent, plaintiff continued its efforts, and the United States Postal Service entered into negotiations with plaintiff to purchase the property. On May 2, 1973, defendants terminated the listing agreement and on August 21, 1973, the Postal Service purchased the property. In the original trial, the court held that plaintiff was not entitled to a commission because the listing agreement had expired.

On appeal, we held that the contract was impliedly extended by defendants' consent. *Ferris v. Meeker Fertilizer Co.,* 258 Or 377, 482 P2d 523 (1971). We held that although defendants were entitled to terminate the contract in May, 1973, the defendants were liable to pay the commission if the termination was made for the purpose of avoiding payment of a commission to plaintiff. We cited 2 Restatement (Second) 370, Agency § 454 (1958), as follows:

> "Revocation in Bad Faith of Offer of Compensation
>
> "An agent to whom the principal has made a revocable offer of compensation if he accomplishes a specified

result is entitled to the promised amount if the principal, in order to avoid payment of it, revokes the offer and thereafter the result is accomplished as the result of the agent's prior efforts."

We remanded the action to the trial court to decide whether the listing agreement was terminated in order to avoid paying plaintiff a commission.

On the remand, the trial court heard additional testimony and entered written findings and a judgment for defendants. Plaintiff again appeals.

■ As this is a law action, the sole question is whether there is any substantial evidence to support the judgment for defendants.

■■ The test of bad faith is whether the vendors terminated the listing agreement for the purpose of escaping payment of the broker's commission. *Snyder v. Schram, supra. See also* Annot., 88 ALR 716 (1934). Among the factors to be considered are (1) the progress of negotiations between the broker and the customer and the prospect for a sale to the customer, (2) the length of time between the revocation of the listing and the eventual sale, and (3) knowledge by the principal of the terms of the prospective sale and the identity of the customer. Annot., 88 ALR, supra.

On April 10, 1973, plaintiff wrote to defendants advising them that it was still contacting the Postal Service regarding the possible sale, that the government operated slowly, and that, while the listing agreement had expired, it hoped defendants would acknowledge the real estate firm as agent. Plaintiff wrote a similar letter to defendants on April 26, 1973. On April 30, the United States Army Corps of Engineers, representing the Postal Service, advised defendants' counsel that their office had not been requested to acquire defendants' property. On May 2, 1973, in response to plaintiff's letters of April 10 and 26, defendants' attorney wrote plaintiff stating that the listing agreement "under which you were acting

[ 276 ]

has long since expired" and that there would be no sales commission on any sale of the property. The two attorneys representing defendants testified that the letter was written because they believed the listing agreement had expired, that they did not want to "rehire" plaintiff, and for the further reason they did not feel that anything was being accomplished on the possible sale to the Postal Service.

■ The trial court found that the termination was not motivated by a desire to avoid paying plaintiff the brokerage commission. We cannot say that such a finding is without substantial evidence to support it.

Affirmed.